IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN ALLEN LINDEMAN, JR.,<br><br>    Defendant. | Case No. 1:21-cr-02-JAJ-HCA<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant John Allen Lindeman, Jr. faces sentencing based on his guilty plea to prohibited person in possession of a firearm (Count 1). PSR ¶¶ 1, 2.

## I.  EXHIBITS AND WITNESSES

Mr. Lindeman does not intend to offer any testimony. He intends to file as an exhibit the sentencing order from the related State Court sentence referenced in paragraph 48 of the PSR.

## II.  ISSUES AND OUTSTANDING PSR OBJECTIONS

There are no outstanding PSR objections. The Court needs to determine the appropriate sentence under 18 U.S.C. § 3553(a), whether the Court will adjust its sentence pursuant to U.S.S.G. 5G1.3(b) and whether the sentence in this case will run concurrent or consecutive to the related State Court sentence imposed in Dkt. #FECR164110 in the Iowa District Court for Pottawattamie County. PSR ¶48

## III.  ARGUMENT AS TO SENTENCE

Mr. Lindeman's guideline range is 63 to 78 months' imprisonment based on a total offense level of 19 and a criminal history category of VI. PSR ¶ 116. His statutory maximum is ten years in prison. *Id*. ¶ 115. The guideline range for supervised release is one to three years. *Id*. ¶ 119.

Mr. Lindeman acknowledges that his record and the circumstances of his arrest do not support a downward variance. He does ask the Court to impose sentence within the above stated range and further asks the Court to adjust its sentence pursuant to USSG § 5G1.3 for any period of imprisonment credited towards his related State Court sentence. PSR ¶ 48. Because the State Court sentence included another offense (Interference with Official Acts-Firearm) that is relevant conduct to the instant offense (Enhancement for Reckless Endangerment During Flight – PSR ¶ 20) the guidelines mandate that the Court adjust its sentence for any period of imprisonment already served which will not be credited towards the federal sentence. The guidelines also mandate that the sentence be served concurrent to the undischarged State Court sentence. USSG § 5G1.3(b)(1)&(2). By statute the BOP will not give credit towards the federal sentence for any time credited towards another sentence. 18 USC § 3585(b).

Statutory authority differs with the Guidelines in that it does not mandate the Court run its sentence concurrent but directs the Court to consider the 18 USC §3553(a) factors in determining whether its sentence will run concurrent or consecutive to any other undischarged terms of imprisonment. 18 USC § 3584.

Lindeman's criminal history and the circumstances of this offense contain a number of aggravating factors. However, there are equally significant mitigating factors.

Growing up with parents who expose you to illicit drug use, drug dealing and criminality does not excuse your own crimes. Being separated from your siblings and placed in foster homes where you suffer further abuse does not justify running from the police. It does however support the Court's consideration of imposing sentence at the low to mid-level of the 63-78-month range.

## IV.  CONCLUSION

The defendant asks the Court to impose sentence within the 63-78-month range, to adjust its sentence accordingly and to run its sentence concurrent with his undischarged State court sentence.

Respectfully submitted,

FEDERAL DEFENDER'S OFFICE
701 Pierce Street, Suite 400
Sioux City, Iowa 51101-1036
Telephone: (712) 252-4158
E-mail: Mike_Maloney@fd.org

By: /s/ Michael F. Maloney
MICHAEL F. MALONEY
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2021, I electronically filed this document with the Clerk of Court using the ECF system, which will serve it on the appropriate parties.

*/s/ Michael F. Maloney*